## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. MEREDITH GOLOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-01556 |
| vs. | ) |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| CARE ASSOCIATES, INC., d/b/a | ) |
| IU HEALTH PHYSICIANS | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Meredith Golomb ("Plaintiff" or "Dr. Golomb"), by counsel, hereby files her Complaint and Jury Trial Demand ("Complaint") against Defendant Indiana University Health Care Associates, Inc., d/b/a IU Health Physicians ("Defendant" or "IUHP"), and in support thereof alleges and states as follows:

### INTRODUCTION

1. This is an action brought by Dr. Golomb against IUHP, her former employer. Dr. Golomb brings this action against IUHP for violations of the Americans with Disabilities Act ("ADA"), as amended, and the Age Discrimination in Employment Act ("ADEA"), as amended.

### PARTIES

2. Dr. Golomb is and has been a resident of Marion County, Indiana.

3. At all relevant times, Dr. Golomb was an employee as defined by the ADA and the ADEA.

4. IUHP is the largest network of physicians in the state of Indiana.

5. Pursuant to information maintained by the Indiana Secretary of State, IUHP's principal office address is 340 W. Tenth Street, FS 5100, Indianapolis, Indiana, 46202, which sits within Marion County, Indiana.

6. At all relevant times, IUHP was an employer as defined by the ADA and the ADEA.

7. IUHP operates at a number of different locations, including at a medical facility located at 705 Riley Hospital Dr., Indianapolis, Indiana 46202 (the "Riley Location").

8. At all relevant times, Dr. Golomb was employed by IUHP and worked at the Riley Location.

9. Pursuant to information maintained by the Indiana Secretary of State, IUHP's registered agent is Erin R. Lewis, 340 West 10th Street, Indianapolis, IN, 46202.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1331.

11. The alleged discriminatory acts were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

12. The alleged discriminatory acts arose in Marion County, Indiana. Marion County is located in the Southern District of Indiana; thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the Defendant resides or in which the cause of action arose.

## ADMINISTRATIVE PROCEDURES

13. On February 27, 2023, Dr. Golomb timely filed a *Charge of Discrimination* with the Indianapolis District of the Equal Employment Opportunity Commission ("EEOC"), Charge No.: 470-2023-02155.

14. On May 31, 2023, the EEOC issued a *Determination and Notice of Rights*, giving Dr. Golomb ninety (90) days to commence legal action.

15. This action is being initiated within ninety (90) days of Dr. Golomb's receipt of the *Determination and Notice of Rights*. A true and correct copy of the *Determination and Notice of Rights* is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

16. Dr. Golomb is fifty-five (55) years old.

17. Dr. Golomb is a qualified individual with a disability as defined by the ADA, as she has been diagnosed with multiple sclerosis since 1996.

18. Dr. Golomb was trained at Harvard College and Harvard Medical School. Dr. Golomb has an MD and an MSc.

19. Dr. Golomb completed her pediatrics training at Children's Hospital Los Angeles and her adult and pediatric neurology training at Massachusetts General Hospital. Dr. Golomb completed a pediatric stroke fellowship at The Hospital for Sick Children in Toronto, Canada. She also holds an MSc degree in Clinical Epidemiology from the University of Toronto.

20. Dr. Golomb has published over 100 peer-reviewed publications, many with Indiana University medical students and resident mentees as the first author.

21. Dr. Golomb has been employed with IUHP and its predecessors since 2002.

22. Dr. Golomb was an employee of IUHP until June 30, 2023.

23. Dr. Golomb practiced in IUHP's Department of Neurology.

24. Dr. Golomb's practice is in pediatric neurology with a specialization in pediatric stroke.

25. Dr. Golomb is the only pediatric stroke neurologist with fellowship training in pediatric stroke in the State of Indiana and one of few in the United States, while also holding a national and international reputation within the field.

26. On May 18, 2020, Dr. Golomb engaged in protected activity by filing a lawsuit against IUHP in the United States District Court for the Southern District of Indiana, Case No.: 1:20-cv-1427 (the "Lawsuit").

27. In the Lawsuit, Dr. Golomb alleged that IUHP discriminated against her because of her disability in violation of the ADA, retaliated against her in violation of the ADA for requesting reasonable accommodations, and failed to provide her with reasonable accommodations also in violation of the ADA.

28. The Lawsuit was resolved on February 2, 2022, and was subsequently dismissed.

29. Shortly after the lawsuit was dismissed, IUHP continued to discriminate and retaliate against Dr. Golomb in violation of the ADA and discriminated against Dr. Golomb in violation of the ADEA.

30. On March 1, 2022, Dr. Golomb notified IUHP that she was scheduled for major surgery on June 15, 2022, and would be on medical leave June 15, 2022, to August 10, 2022.

31. On April 19, 2022, Dr. Golomb emailed an article by Zupanc, which documented standard child neurology salaries, to Dr. Christopher Jackman ("Dr. Jackman"), the Division Chief, Dr. Laurie Gutmann ("Dr. Gutmann"), the Department Chair, and to Michelle Artmeier, the Department Financial Chief. In the email, Dr. Golomb also inquired about her salary.

32. On May 3, 2022, Dr. Gutmann and Dr. Jackman verbally notified Dr. Golomb that starting July 1, 2022, her estimated annual salary would be $130,000. This was a substantial reduction in pay.

33. This substantial salary reduction was lower than what had prompted Dr. Golomb to initiate the Lawsuit against IUHP in 2020.

34. On June 7, 2022, Dr. Golomb received an email from Dr. Gutmann who informed Dr. Golomb that effective June 5, 2022, her annual salary was reduced to $109,500.

35. Distraught, Dr. Golomb then contacted the Division Chief who told her he had no control over her salary and the Neurology Department "checked it with lawyers" because of "previous legal issues."

36. On June 15, 2022, Dr. Golomb went on medical leave.

37. On July 5, 2022, while still on medical leave and recovering from surgery, Dr. Gutmann emailed Dr. Golomb again confirming that her annual salary was reduced to $109,500.

38. In the July 5 email, Dr. Gutman also told Dr. Golomb, for the first time, that she equated to a Full Time Equivalent ("FTE") of 0.70, which allowed her to maintain IUHP benefits, but not her IU benefits.

39. Dr. Gutmann told Dr. Golomb that she had to notify her **immediately** if she wished to increase her weekly clinic commitment to 6 half-day clinics each week so that she could retain her IU benefits. Otherwise, Dr. Gutmann would reduce Dr. Golomb's IU FTE to 0.70, effective July 1, 2022.

40. Despite Dr. Gutmann's representations, Dr. Golomb was, in fact, working more than 6 clinics each week and was working full-time. When Dr. Golomb was not in clinic, she performed work relevant to her role as a physician, stroke expert and medical school professor.

41. No other physician in the Neurology Department had a substantial salary reduction similar to Dr. Golomb.

42. Dr. Golomb returned to work on August 11, 2022.

43.     By October 2022, Dr. Golomb realized that her substantially reduced salary was not sufficient to meet her monthly expenses.

44.     Dr. Golomb thought the deposited amount must be a mistake.

45.     However, on October 25, 2022, IUHP confirmed that the deposited amount was correct.

46.     The emotional distress that Dr. Golomb experienced as a result of the substantial reduction in pay caused a flare of Dr. Golomb's MS symptoms after years of absence.

47.     In January 2023, Dr. Golomb learned that IUHP hired a substantially younger, non-disabled physician with an annual salary that well exceeded hers to practice in the Neurology Department.  The substantially younger, non-disabled physician worked fewer clinic hours each week compared to Dr. Golomb and has no fellowship training beyond pediatric neurology or additional degrees. In addition, unlike Dr. Golomb, the substantially younger, non-disabled physician was not spending time outside of clinic mentoring other IU students, residents or colleagues in their research.

48.     On February 2, 2023, Dr. Golomb notified IUHP that her working conditions were so intolerable she had no option but to resign.

49.     Pursuant to her IUHP Employment Agreement, Dr. Golomb's resignation was effective June 30, 2023.

50.     Dr. Golomb has always met or exceeded all of IUHP's legitimate performance expectations during her employment.

51.     As a result of IUHP's unlawful employment practices, Dr. Golomb has incurred lost wages and lost benefits.

52. As a result of IUHP's unlawful employment practices, Dr. Golomb has suffered and continues to suffer emotional distress and mental and physical anguish.

53. IUHP's unlawful employment practices were intentional.

54. IUHP's unlawful employment practices were done with malice or reckless indifference to Dr. Golomb's federally protected rights.

55. Dr. Golomb is entitled to recover reasonable attorneys' fees and costs.

## COUNT I
### *(Disability Retaliation)*

56. All preceding paragraphs are incorporated herein by reference.

57. Dr. Golomb engaged in protected activity by filing the Lawsuit on May 18, 2020, which alleged various claims under the ADA.

58. Shortly after the Lawsuit was dismissed IUHP retaliated against Dr. Golomb by substantially reducing her compensation and threatening to eliminate her IU benefits.

59. No other physician in the Neurology Department had a substantial salary reduction similar to Dr. Golomb.

60. The substantial reduction in Dr. Golomb's pay was an adverse action.

61. As a result of IUHP's discriminatory acts and omissions, Dr. Golomb has suffered and will continue to suffer monetary damages and damages for mental and physical anguish unless and until the Court grants relief.

## COUNT II
### *(Disability Discrimination)*

62. All preceding paragraphs are incorporated herein by reference.

63. As set forth above, IUHP engaged in intentional disability discrimination against Dr. Golomb in the terms and conditions of her employment in violation of the ADA, including disability based disparate treatment.

64. Dr. Golomb is disabled within the meaning of the ADA; that is, she has a physical impairment, has a record of, and/or is regarded as having a physical impairment that substantially limits a major life activity, including but not limited to standing for periods of time. Specifically, Dr. Golomb has been diagnosed with multiple sclerosis. Dr. Golomb was diagnosed in 1996.

65. At all times relevant, IUHP was aware of Dr. Golomb's disability.

66. IUHP intentionally discriminated against Dr. Golomb when it substantially reduced her salary.

67. No other physician in the Neurology Department had a substantial salary reduction similar to Dr. Golomb.

68. In addition, IUHP hired non-disabled physician with an annual salary that well exceeded Dr. Golomb's salary to practice in the Neurology Department.

69. As a result of IUHP's discriminatory acts, Dr. Golomb has suffered and will continue to suffer monetary damages and damages for mental and physical anguish unless and until the Court grants relief.

## COUNT III
(*Age Discrimination*)

70. All preceding paragraphs are incorporated herein by reference.

71. As set forth above, IUHP engaged in intentional age discrimination against Dr. Golomb in the terms and conditions of her employment in violation of the ADEA, including age-based disparate treatment.

72. Dr. Golomb is fifty-five (55) years of age.

73. IUHP hired a substantially younger physician with an annual salary that well exceeded Dr. Golomb's salary to practice in the Neurology Department.

74. IUHP intentionally caused infringement on Dr. Golomb's rights pursuant to the ADEA.

75. As a result of IUHP's discriminatory acts. Dr. Golomb has suffered and will continue to suffer monetary damages unless and until the Court grants relief.

76. IUHP acted willfully or with reckless indifference to Dr. Golomb's federally protected rights thereby entitling Dr. Golomb to liquidated damages.

77. Dr. Golomb is entitled to recover reasonable attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Meredith Golomb prays for a judgment in her favor against Defendant Indiana University Health Care Associates, Inc. d/b/a IU Health Physicians, and respectfully requests that the following relief be awarded:

A. Order IUHP to make Dr. Golomb whole by providing appropriate lost wages and benefits with pre-judgment interest, in an amount to be determined at trial;

B. Order IUHP to make Dr. Golomb whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial;

C. Order IUHP to make Dr. Golomb whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices

       complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

D.    Order IUHP to pay Dr. Golomb punitive damages for its malicious and/or reckless conduct described above in an amount to be determined at trial;

E.    Order IUHP to pay Dr. Golomb liquidated damages for its willful conduct described above in an amount to be determined at trial;

F.    Order IUHP to pay for the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper, and equitable; and

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL

Dr. Golomb demands trial by jury on all issues so triable.

Respectfully submitted,

*s/Kimberly D. Jeselskis*
Kimberly D. Jeselskis, Attorney No. 23422-49
MacKenzie A. Watson, Attorney No. 36139-32
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, Indiana 46204
Telephone: (317) 220-6290
Facsimile: (317) 220-6291
kjeselskis@jbjlegal.com
mwatson@jbjlegal.com

*Counsel for Plaintiff Meredith Golomb*